**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CHARLES T. ZUFFANTE, ID # 1679381,** )<br>          Petitioner,          ) | |
| vs.          ) | No. 3:13-CV-2905-B (BH) |
|          ) | |
| **WILLIAM STEPHENS, Director,**          )<br>**Texas Department of Criminal**          )<br>**Justice, Correctional Institutions Division,**          )<br>          Respondent.          ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Before the Court is the petitioner's *Application to Proceed In Forma Pauperis*, filed August 1, 2013 (doc. 8). Based on the relevant filings and applicable law, the motion should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

**I.  BACKGROUND**

On July 23, 2013, the petitioner filed a *Motion for Full Access to Law Library*, in which he sought an order to his prison unit to permit him full access to the law library and on-line legal research. (doc. 2). The motion was liberally construed as a civil action seeking mandamus relief and opened as a new civil case. (*see* doc. 1). By order dated July 26, 2013, the petitioner was notified that he had thirty days to pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* (IFP) (doc. 5). On August 1, 2013, petitioner submitted an application to proceed IFP and a resident trust fund account statement showing a balance of $2038.28. (doc. 8). On August 2, 2013, the Court found that the petitioner had enough assets to pay the $5 filing fee, and gave him thirty days to pay $5 filing fee. (*see* doc. 9). The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case would be subject to dismissal. *Id.* More than thirty days have passed,

but the petitioner has not paid the fee or filed anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

The petitioner's trust fund account statement shows a balance of $2038.28, as of the date of its preparation. He has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this mandamus action. His application to proceed *in forma pauperis* should therefore be denied.

## III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated August 2, 2013, the petitioner was given thirty days to pay the $5 filing fee. The petitioner was specifically warned that failure to do so would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case would be subject to dismissal. Because he failed to comply with an order that he pay the filing fee and had sufficient assets with which to do so, his case

should be dismissed.

## IV. RECOMMENDATION

The petitioner's motion to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless he pays the filing fee within the time for objecting to this recommendation.

**SIGNED this 16th day of September, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3